IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-715-D |
| ) | |
| CATHOLIC CHARITIES OF ) | |
| ONONDAGA COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Plaintiff, a New York resident appearing *pro se*, filed this action against various defendants, to include Catholic Charities of Onondaga County, New York; the New York State Office for People with Developmental Disabilities; the State of New York; United Way; the New York State Insurance Fund; the County of Onondaga, New York; the City of Syracuse, New York; the Internal Revenue Service; the State of Tennessee; and several individuals, who appear to be New York residents.

The Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Upon review of the Complaint, the Court finds no basis for the exercise of federal subject matter jurisdiction. "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)

(quotation marks and citation omitted). Because Plaintiff appears *pro se*, the Court liberally construes his pleadings, but the Court will not act as Plaintiff's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Plaintiff's "complaint" consists of the Catholic Charities Hospitality Center's General Policy Information [Doc. No. 1, at 1]; Catholic Charities of Onondaga County's Client Grievance Policy & Procedure [Doc. No. 1, at 2-9]; the Housing & Homeless Coalition of Central New York's "Client Fact Sheet" [Doc. No. 1, at 10-11, 16]; and Catholic Charities of Onondaga County's Fire Emergency Plan, Personal Belongings Policy, and Notice of Privacy Practices [Doc. No. 1, at 12-15].

Apart from a hand-written list of the defendants [Doc. No. 1, at 17], Plaintiff's Complaint is merely a compilation of policy documents related to Catholic Charities of Onondaga County. Although Plaintiff selected "diversity" for the basis of jurisdiction [Doc. No. 1-1], Plaintiff's Complaint contains no allegations to demonstrate diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. For this reason, this action is subject to dismissal for lack of subject matter jurisdiction.

In his civil cover sheet, Plaintiff selected "assault libel & slander" as the nature of suit, but lists as causes of action "IRS tax fraud, anti-trust and breach of contracts, insurance fraud, wire fraud and white collar crime." [Doc. No. 1-1]. Plaintiff's Complaint is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. Regardless, even if Plaintiff intended to allege federal question jurisdiction, the Court finds dismissal is still appropriate as venue is improper in this Court. There are no allegations in Plaintiff's Complaint, let alone any allegations of events occurring within this district. It further

appears that none of the defendants reside in this district, and there are other districts where this action could be brought. *See* 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" However, as Plaintiff's Complaint consists only of written policies of Catholic Charities of Onondaga County—containing no allegations whatsoever—the Court finds it is not in the interest of justice to transfer this action under § 1404(a).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice. A separate judgment shall be entered.

**IT IS SO ORDERED** this 31st day of July, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge